DITLEF M. OLSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olsen v. Commissioner
Docket No. 12977-90
United States Tax Court
T.C. Memo 1993-432; 1993 Tax Ct. Memo LEXIS 443; 66 T.C.M. (CCH) 767; September 16, 1993, Filed *443 Decision will be entered for respondent. Ditlef M. Olsen, pro se. For respondent: Richard F. Stein. WELLS
WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: Respondent determined an addition to petitioner's income tax for taxable year 1984 in the amount of $ 110,503 pursuant to section 6651(a)(1). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issue for decision is whether petitioner's failure to timely file his 1984 return was due to reasonable cause and not due to willful neglect. FINDINGS OF FACT Some of the facts have been stipulated for trial pursuant to Rule 91. The stipulations and accompanying exhibits are incorporated in this Memorandum Opinion by this reference. Petitioner was a resident of Virginia when he filed his petition. Petitioner was president and sole shareholder of Olsen Contractors, Inc. (Olsen Contractors), which was incorporated under the laws of Virginia. Olsen Contractors was an S corporation under section 1361(a). Petitioner employed William Cutts, a certified public accountant, to prepare *444 his individual Federal tax returns as well as the corporate Federal income tax returns (Form 1120S) of Olsen Contractors. Mr. Cutts had power of attorney for petitioner and Olsen Contractors during all relevant times. Petitioner filed his 1984 income tax return on July 11, 1986. The return reported that petitioner had no taxable income for 1984 and that his deductions exceeded his gross income by $ 27,949. Mr. Cutts prepared the return. During June 1986, Internal Revenue Service (IRS) Revenue Agent Jack D. Gross began an audit of Olsen Contractors' income tax return for the taxable year ending April 30, 1984. During October 1986, the examination was extended to cover taxable years ending April 30, 1985, and April 30, 1986. During the course of the audit of Olsen Contractors, the IRS decided to review petitioner's individual returns for 1984 and 1985. The actual examination of the individual returns did not begin until January 1987. Initially, the examination of petitioner's individual returns focused on items that were unrelated to Olsen Contractors such as oil and gas royalties, personal exemptions, depreciation, and alternative minimum tax. On April 29, 1987, Mr. Cutts *445 signed a Form 4549 consenting to adjustments of such items, resulting in a determination that petitioner's corrected taxable income for 1984 was zero and that deductions exceeded gross income by $ 31,359. Subsequently, as a result of the ongoing examination of Olsen Contractors, additional adjustments to petitioner's individual return were required due to the "pass-thru" of items from Olsen Contractors. In particular, Mr. Gross had discovered that Olsen Contractors should have reported additional income under the completed contract method of accounting and that its overhead expenses had been miscalculated. After requesting additional time to review Mr. Gross' calculations, Mr. Cutts agreed that petitioner's corrected taxable income for 1984, without taking into account net operating losses (NOL's) from Olsen Contractors, [1] was $ 1,015,051, and he filed an amended return for 1984. Petitioner's tax liability for 1984, before utilizing the NOL carrybacks, was calculated to be $ 446,475, of which $ 4,669 was paid through withholding during 1984. After applying the NOL carrybacks, however, petitioner's taxable income, and consequently his tax liability for 1984, was reduced to zero. *446 In addition to the changes to the 1984 return resulting from the items which passed through from Olsen Contractors, Mr. Gross' list of adjustments contained an addition to tax in the amount of $ 110,503 for the late filing of the 1984 return. [2]
OPINION Respondent's determination in the notice of deficiency is presumed to be correct, and petitioner has the burden of proving that it is erroneous. *447 Rule 142(a); . In the case of a taxpayer who fails to timely file his tax return, section 6651(a)(1) mandates an addition to tax unless the taxpayer can demonstrate that the failure to file was due to reasonable cause and was not due to willful neglect. Sec. 6651(a)(1). Although reasonable cause is not defined in the Code, the regulations state: "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect has been defined as a "conscious, intentional failure or reckless indifference." . It is undisputed that petitioner's 1984 tax return was not timely filed. [3] Consequently, we must decide whether petitioner had reasonable cause for his failure to timely file his return. Petitioner testified that there were several reasons why the return was filed late. The first excuse asserted by petitioner is that, during 1984, Olsen Contractors was experiencing *448 financial difficulty which lead to its filing a chapter 11 bankruptcy petition in the fall of 1985. Petitioner explained that he was under emotional stress because of the condition of his corporation and that he was so preoccupied with the corporate bankruptcy that the filing of the 1984 tax return was not a priority. The second reason advanced by petitioner is that some information concerning his oil royalty income and deductions was unavailable at the time for filing the tax return. The third reason asserted by petitioner is that the poor finances of Olsen Contractors suggested to petitioner that his losses would significantly outweigh any income he might have. Petitioner simply thought that there would be no tax liability for 1984. Lastly, petitioner asserts that the fact that no tax liability existed by reason of the NOL carrybacks establishes reasonable cause. *449 Although petitioner's circumstances are unfortunate, none of his reasons, when viewed individually or collectively, excuse him from his failure to timely file his 1984 income tax return. As to petitioner's explanation that he was preoccupied with the bankruptcy of Olsen Contractors, it is well settled that an assertion of being "too busy" will not relieve a taxpayer from the duty to file a timely return. , affd. ; ; . Petitioner's second reason for his delinquent filing, that he needed more information regarding his oil royalty income and deductions, does not establish reasonable cause in the instant case. Although the unavailability of vital information may, under certain circumstances, constitute reasonable cause for a delay in filing a return, no such circumstances exist under the facts of the instant case. . Petitioner *450 has not offered any evidence to justify why it took him 15 months to gather the appropriate information. The absence of such evidence is particularly noteworthy in view of the fact that, during 1983 and 1985, petitioner had been able to gather the relevant information with respect to such income and deductions within 3 months of the original due date of the return.[4] As to petitioner's excuse that he thought there would be no tax liability for 1984, an unverified belief that no taxes are owing does not constitute reasonable cause of the sort that will allow petitioner to escape the addition to tax under section 6651(a)(1). The question is not whether petitioner thought he owed tax, but whether he knew he needed to file a return. , affg. . See also ; . Petitioner testified that he knew he had to file the return and merely had not done it yet. Consequently, petitioner's *451 unverified belief that no taxes would be due is not reasonable cause. Id.
Petitioner's last reason, i.e. that reasonable cause is established by the fact that no tax liability existed for taxable year 1984 after permissible NOL carrybacks were utilized, also fails. Section 6651(a)(1) and (b)(1) provide that the addition is applied to the amount required to be shown on the return or the "net amount due." Section 6651(b)(1) provides that the "net amount due" is reduced by payments made on or before the due date [5] before the proper rate (5 percent per month up to a 25 percent maximum) is applied. As NOL carrybacks reflect future events that are unforeseeable at the time when tax liability is initially determined, they may not be used to reduce the net amount due. Consequently, "The fortuitous circumstances that permit *452 the carryback of net operating losses of later years cannot serve to excuse the earlier delinquency." . Accordingly, petitioner cannot rely on the fact that NOL carrybacks effectively eliminate his tax liability for 1984 to shield him from the addition to tax. See (citing (holding that NOL carrybacks may not be used to eliminate tax liability and escape conviction for criminal tax evasion based on the principle that carryback loss deductions may not be used in computing the addition to tax), revg. and remanding ); see also . *453 Petitioner finally argues that he is not liable for the addition to tax because of a purported agreement made between Mr. Cutts and Mr. Gross that there would be no additions to tax charged against petitioner. While it is undisputed that, during the course of the examination of Olsen Contractors, the substantial understatement and negligence additions to tax were not proposed, the record contains insufficient evidence to support a finding that there was an agreement that no additions of any type would be determined against petitioner. Rule 142(a). Accordingly, based upon the foregoing, we hold that petitioner is liable for the addition to tax under section 6651(a)(1) in an amount equal to 25 percent of the amount required to be shown as tax on his 1984 return. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Olsen Contractors generated NOL's in 1985 and 1987 which passed through to petitioner as its shareholder. Pursuant to sec. 172, petitioner was allowed to carry back the NOL's to 1984.↩
2. During the audit, Mr. Gross had considered whether any substantial understatement or negligence additions to tax would apply to petitioner as a shareholder of Olsen Contractors based on the corporate examination. Mr. Gross determined that such penalties did not apply.↩
3. Although petitioner contends that a request for an automatic extension may have been filed, the existence of an extension is irrelevant. Even if petitioner had properly requested an automatic extension, the 1984 return would have been due on Aug. 15, 1985, and the filing of the return on July 11, 1986, would still be delinquent.↩
4. Petitioner testified that he had difficulty getting the oil royalties information every year, but the record indicates that his 1983 and 1985 tax returns were timely filed under extensions.↩
5. Such reductions include amounts already withheld and net operating loss carryforwards. See sec. 6651(b)(1).↩